Raymond Bradley NOTTINGHAM,
Jr., Appellant,

v.

Robert F. ZAHRADNICK, Superintendent of the Virginia State
Penitentiary, Appellee.

No. 77–1095.

United States Court of Appeals,
Fourth Circuit.

Argued July 12, 1977.

Decided April 3, 1978.

Phillip G. Dantes, Baltimore, Md., Maryland Juvenile Law Clinic (Peter S. Smith, Baltimore, Md., Edward F. Houff, Third Year Law Student, Sally L. Swann, Third Year Law Student, Maryland Juvenile Law Clinic, on brief), for appellant.

James E. Kulp, Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen. of Virginia and K. Marshall Cook, Asst. Atty. Gen., Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

In his habeas corpus petition, Raymond B. Nottingham contends he was twice tried for robbery in violation of the Double Jeopardy Clause. The district court denied relief. We reverse.

Nottingham was afforded a preliminary hearing in the Criminal Division of the General District Court of Norfolk. Subsequently, he was indicted by a grand jury. The case proceeded to trial in the Circuit Court of the City of Norfolk where a jury was impaneled. During the prosecution's presentation of its case-in-chief, the trial judge learned that the robbery victim was seventeen at the time of the offense, and thus a juvenile under Virginia Code § 16.1–141(3). The judge then declared a mistrial based upon his interpretation of Virginia law that criminal proceedings must begin by way of preliminary hearing in the Juvenile and Domestic Relations Court whenever the victim is a juvenile.

After the mistrial was declared, Nottingham, an adult, had a preliminary hearing in the juvenile court, was reindicted and subjected to a second trial. His motion to have the proceedings dismissed on double jeopardy grounds was denied. He was found guilty by the jury and sentenced to serve five years. After having exhausted state remedies, he brought this petition in federal court.

■ Only if we find that jeopardy attached at Nottingham's first trial are we faced with determining whether the trial judge's declaration of a mistrial was necessary under the "manifest necessity" or "ends of public justice" doctrine first enunciated in *United States v. Perez*, 9 Wheat 579, 580, 6 L.Ed. 165 (1824), and followed in *Illinois v. Somerville*, 410 U.S. 458, 468, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). It has been stated that where the first court is without jurisdiction, a plea of double jeopardy is unavailable at a second trial for the same offense, *United States v. Ball*, 163 U.S. 662, 669, 41 L.Ed. 300 (1896), presumably on the theory that a court lacking jurisdiction cannot place one in jeopardy. Virginia argues that Nottingham's first trial court was without jurisdiction.

■ Virginia Code § 16.1–158 (replaced by Va.Code 16.1–241) states, in pertinent part:

Except as hereinafter provided, each juvenile and domestic relations court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction . . . over all cases . . involving:

. . . . .

(7) The prosecution and punishment of persons charged with ill-treatment, abuse, abandonment or neglect of children or with any violation of law which causes or tends to cause a child to come within the purview of this law, or with any other offense against a child except murder and manslaughter; provided, that in prosecution for other felonies over which the court shall have jurisdiction, such jurisdiction shall be limited to that of examining magistrate.

In *Peyton v. French*, 207 Va. 73, 147 S.E.2d 739 (1966), a juvenile defendant was certified for trial as an adult despite the juvenile court's failure to provide him a hearing. Neither the juvenile nor his parents were given notice; nor were they present at the time the judge acted. The Virginia Supreme Court held:

that a preliminary hearing in the juvenile court was jurisdictional and not procedural, and that before the circuit court could acquire jurisdiction to try petitioner there must have been a compliance with the provisions of the Juvenile and Domestic Relations Court Law. Thus, the failure of the juvenile court to comply with the applicable statutes rendered the circuit court proceedings void . . . . . 207 Va. at 80, 147 S.E.2d at 743.

The statute upon which the state relies does not foreclose an interpretation of it which would permit concurrent jurisdiction with other courts not of record for preliminary hearings for adults. Under § 16.1–158(7), the juvenile court's power was restricted to determining probable cause where the accused was charged with a felony against a child. Section 16.1–127 grants to all courts not of record with criminal jurisdiction, the power to conduct preliminary examinations.

In *Peyton*, upon which the state relies, the juvenile defendant complained that the juvenile court statutes, enacted for his benefit, had not been followed. In fact, there had never been any proper court determination that the juvenile should face trial as an adult.

Here, the state failed to hold Nottingham's preliminary hearing in juvenile court. Police records from the date of the crime show the victim's age as seventeen. Nottingham, however, is an adult, not a juvenile. Nottingham's relationship with his juvenile victim was entirely fortuitous, totally lacking any familial context. The juvenile court statutes were not intended for the protection of those in Nottingham's class. Indeed, had not a juvenile been involved as Nottingham's victim, it would be entirely clear that Nottingham could not have complained if a preliminary hearing had not been held. In Virginia, a preliminary hearing in an adult criminal case is merely a procedural requirement, not jurisdictionally significant. *Snyder v. Commonwealth*, 202 Va. 1009, 121 S.E.2d 452 (1961). In *Snyder*, the defendant was provided a hearing but the presiding judge who took Snyder's motion to strike the state's evidence under

advisement failed to rule on it. Thereafter, Snyder was indicted by a grand jury, and was subsequently convicted. Only after his conviction did he raise any objections concerning the hearing. Upon these facts the Supreme Court of Virginia rejected his contentions. The Court interpreted Code § 19.1–163.1 (now § 19.2–218) which requires preliminary hearing in felony cases "unless such hearing is waived in writing." Because the hearing is waivable in one form, the provision could not be jurisdictional, and since not jurisdictional the court concluded that failure to timely object before trial foreclosed objection.

In Nottingham's case, a preliminary hearing before a court not of record was held before his first trial. A grand jury also had met and had determined probable cause existed to indict him, which determination the Virginia Supreme Court has held preempts an adult defendant's right to a preliminary hearing.

Finding, as we do, that there was no jurisdictional defect, so that if a conviction had been obtained at Nottingham's first trial, it would not have been void, there was no manifest necessity for the declaration of a mistrial. In *Illinois v. Somerville*, supra, the Supreme Court held that a mistrial would be appropriate if after conviction the granting of a new trial would be required, but that is not the situation here. If the first trial had been permitted to proceed and Nottingham had been convicted, there would have been a perfectly valid judgment. Nor is this a case in which a trial judge has a measure of discretion based upon events occurring at the trial and his own observations. He simply misconstrued the jurisdiction of his court, and the appropriateness of what he did depends entirely upon the answer to the jurisdictional question. Since we find no want of jurisdiction, it necessarily follows that there was no necessity for the declaration of a mistrial.

The judgment is reversed and the case remanded with the direction that a writ of habeas corpus issue.

*REVERSED AND REMANDED.*