### Richmond

Marcus Albert Payne

v.

Warden of the Powhatan Correctional Center

January 22, 1982.

Record No. 801541.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Edward D. Barnes; Guy A. Sibilla (Nikas, Englisby & Barnes,* on brief), for appellant.

*Jerry P. Slonaker, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARRISON, R.J., delivered the opinion of the Court.

The issue in this case is whether a preliminary hearing in a juvenile and domestic relations district court is jurisdictionally required when an adult, charged with offenses committed against a juvenile, is directly indicted by the grand jury.

Marcus Albert Payne is presently confined in the penitentiary, serving sentences imposed for rape, sodomy, and abduction of a female under sixteen years of age for purposes of prostitution. *Payne* v. *Commonwealth,* 220 Va. 601, 260 S.E.2d 247 (1979). Payne filed a petition for a writ of habeas corpus, alleging that his detention arises from proceedings that were violative of the jurisdictional requirements of Virginia's Juvenile and Domestic Relations District Court Law and that his incarceration operated as a denial of his due process rights guaranteed by the Constitutions of the United States and Virginia. His petition was denied, and this appeal ensued.

The victim in this case was thirteen years old at the time of the alleged offenses against her. Defendant contends that her age triggered the application of Virginia's juvenile law, specifically Code § 16.1-241 (formerly § 16.1-158), which, in pertinent part, provides:

> Except as hereinafter provided, each juvenile and domestic relations district court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction . . . over all cases . . . involving:
> * * *

I. The prosecution and punishment of persons charged with ill-treatment, abuse, abandonment or neglect of children or with any violation of law which causes or tends to cause a child to come within the purview of this law, or with any other offense against the person of a child; provided that in prosecution for felonies over which the court shall have jurisdiction, such jurisdiction shall be limited to determining whether or not there is probable cause.

Payne relies primarily upon the following language found in *Jones v. Commonwealth,* 220 Va. 666, 669-70, 261 S.E.2d 538, 540 (1980):

In our opinion, the language of Code § 16.1-241(I) is clear and unambiguous. In no uncertain terms, the language vests in juvenile and domestic relations district courts *exclusive original jurisdiction* to conduct preliminary hearings in cases of adult defendants charged with felonious offenses, except murder and manslaughter, committed against juvenile victims. . . .

The phrase "exclusive original jurisdiction" in Code § 16.1-241 must be given its plain meaning. When given such meaning, the phrase imports requirements of a jurisdictional, rather than procedural, nature and it signifies exclusivity of jurisdiction in a juvenile and domestic relations district court to conduct a preliminary hearing in the type of case involved here.

In *Jones* the adult defendant was given a preliminary hearing in district court, criminal division, and held for action by a grand jury. He was thereafter indicted by the grand jury and then tried in the circuit court upon his pleas of not guilty. At the conclusion of the Commonwealth's case, the defendant moved to dismiss the indictment on the ground that, because the victim was a juvenile and the preliminary hearing had not been held in the juvenile and domestic relations district court, the circuit court was without jurisdiction in the case. The court granted the motion and dismissed the indictment. Jones was subsequently arrested again, charged with the same offenses, and given a preliminary hearing in juvenile and domestic relations district court. After his indictment he moved for its dismissal on the ground of double jeopardy. The trial court denied the motion, and we affirmed, holding that "the

defect in the initial preliminary hearing in this case was jurisdictional in nature and that, as a result, the circuit court did not have jurisdiction of the defendant's case in the first trial. Accordingly, jeopardy did not attach in that proceeding." 220 Va. at 672, 261 S.E.2d at 541.

The effect of our decision in *Jones* is that *if a preliminary hearing is to be held* in a case involving a felonious offense by an adult defendant against a juvenile victim, the exclusive original jurisdiction to conduct such a preliminary hearing is vested, by operation of Code § 16.1-241, in the juvenile and domestic relations district court. There was no occasion for us to consider or decide what would have been Jones' status had he been indicted directly by a grand jury, and we did not decide that question. Our reservation of decision on the issue prompted the reference to *Nottingham* v. *Zahradnick,* 573 F.2d 193, *cert. denied,* 439 U.S. 970 (1978), in footnote 2 of the *Jones* opinion.*

Our disagreement with *Nottingham* was to the Fourth Circuit's holding that Code § 16.1-158(7) (now Code § 16.1-241(I)) was procedural only. It was, and is, our conclusion that giving Jones a preliminary hearing in general district court, criminal division, instead of in the juvenile and domestic relations district court, constituted a jurisdictional defect and was not a procedural one.

It is well settled in Virginia that no preliminary hearing is required prior to direct indictment by a grand jury. In *Webb* v. *Commonwealth,* 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963), we said:

> The primary purpose of a preliminary hearing is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one who has committed it. . . . The grand jury here found that there was reasonable cause to believe that the defendant had committed a felony before she was arrested and its action preempted the defendant's right to a preliminary hearing. (authorities omitted)

---

* "2 We note a statement in the Fourth Circuit's opinion to the effect that this court has held that an indictment by a grand jury 'preempts an adult defendant's right to a preliminary hearing.' 573 F.2d at 195. No decision of this court is cited, and we disavow any application of the statement to the situation where the charges against an adult defendant involve a juvenile victim."

220 Va. at 671, 261 S.E.2d at 541.

*See also Waye* v. *Commonwealth,* 219 Va. 683, 688-89, 251 S.E.2d 202, 206, *cert. denied,* 442 U.S. 924 (1979).

In the instant case, as in *Webb,* the grand jury found reasonable cause to believe that Payne had committed the felonies, and its action preempted his right to a preliminary hearing. The circuit court's jurisdiction was thereby invoked. This would not have been true if prior to being indicted he had been arrested and charged with committing the offenses against his juvenile victim. Under those circumstances a preliminary hearing in the juvenile and domestic relations district court would have been required before certification of the case to the grand jury.

The legislative purpose of Code § 16.1-241 is to afford juvenile defendants and juvenile victims the protection and expertise of the juvenile court during the preliminary, or certification, hearing stage of a criminal prosecution. There is logical reason for the requirement. Juvenile courts are staffed with trained personnel who have the necessary expertise to deal with juveniles. This is generally not true of general district courts. However, we can perceive of no protections or considerations that can be given a juvenile victim in a juvenile and domestic relations district court that cannot be afforded in or commanded by a court of record following a grand jury's direct indictment of a defendant.

We therefore hold that where an adult accused is directly indicted by a grand jury, without having been previously arrested and charged, the jurisdiction of the circuit court is thereby invoked, and no preliminary hearing is required, even though the victim of the crime involved may be a juvenile. We affirm the judgment of the lower court denying defendant's petition for habeas corpus.

*Affirmed.*