## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

G. R. N.

November 6, 1990

Case No. (Criminal) J 03202

By JUDGE ROSEMARIE ANNUNZIATA

The Court has under advisement the Commonwealth of Virginia's motion to dismiss the defendant's appeal from the judgment of the Juvenile and Domestic Relations District Court. In its motion, the Commonwealth contends that the defendant did not timely note his appeal, citing Rule 3A:19(b) of the Rules of the Virginia Supreme Court. The issues raised by the Commonwealth's motion regarding the finality of various Juvenile Court orders and the timeliness of the defendant's appeal are not dispositive of the case, however, and need not be addressed. Rather, this decision is predicated on my finding that the defendant's conviction in the Juvenile Court is void. The relevant facts of the case are as follows.

On February 8, 1990, the Commonwealth of Virginia issued five separate Petitions against defendant, G. R. N., a sixteen-year old, charging him with two counts of sodomy in violation of Virginia Code § 18.2-67, and three counts of aggravated sexual battery in violation of Virginia Code § 18.2-67.3. The alleged victims in the case are defendant's younger half-sisters, ages seven and six, presently.

On March 5, 1990, defendant pleaded guilty to the five separate felonies filed against him by the Commonwealth of Virginia. He was unrepresented having executed, together

with his mother, a form providing for the waiver of his right to counsel.

By order of Judge Finch dated April 13, 1990, the defendant was committed to the State Department of Corrections with the commitment to be suspended, conditioned upon his successful completion of a mental health treatment program at the Pines. The defendant thereafter remained in the Fairfax County Juvenile Detention Center without the benefit of being placed in a treatment program at the Pines because the funding of the program had not been arranged prior to the April 13, 1990, order.

Subsequent to the April 13 order, Judge Finch heard the matter four separate times to review the disposition of the case. At no time was defendant's placement changed.

On June 25, 1990, Judge Valentine issued an order appointing the defendant a guardian *ad litem* to protect his interest in the Juvenile Court proceedings. Judge Valentine further ordered that the Director of the Department of Human Development, the Director of the School System, Director of State Department of Youth Services, the Director of Court Services, and the guardian *ad litem* arrange for the services promised to Nelson on or before July 9, 1990. Subsequently, placement and funding were arranged for the defendant at the Pines as ordered by Judge Valentine.

Under the dictates of § 16.1-266, Code of Virginia (1988 Supp. 1990), a child alleged to be delinquent and his or her parent, guardian, legal custodian, or other person standing *in loco parentis*, shall be informed of the child's right to counsel. The child shall be given an opportunity to waive the right to representation if the child and his or her parent, guardian, legal custodian, or other person standing *in loco parentis* consent, in writing, to the waiver. However, the waiver may only be granted if the child's parent, guardian, legal custodian, or other person standing *in loco parentis* in the proceeding is not adverse to the child. Here, the child's mother gave her consent to the waiver. The defendant's mother is the mother of the alleged victims, however, making her interests adverse to those of the defendant. Accordingly, the Juvenile Court's acceptance of defendant's waiver of counsel was invalid.

It has long been recognized that proceedings in the juvenile cause must measure up to the essentials of due process and fair treatment. *Brown v. Cox*, 467 F.2d 1255 (4th Cir. 1972); *In re Gault*, 387 U.S. 1 (1967). The failure of the Juvenile Court to appoint an attorney-at-law as guardian *ad litem* under these circumstances, to represent the interest of this defendant in the trial of the charges he faced is violative of the mandatory provisions of Va. Code § 16.1-266, *Jones v. Commonwealth*, 213 Va. 425 (1972); *Evans v. Cox*, 327 F. Supp. 1057 (E.D. Va. 1971); *Peyton v. French*, 207 Va. 73 (1966). The Court's failure to appoint counsel is jurisdictional and renders the defendant's convictions void. This jurisdictional defect also deprives the Circuit Court of jurisdiction to hear the matter on appeal. *Id*.

Accordingly, the Commonwealth's motion to dismiss the appeal is granted on the grounds that defendant's convictions in the Juvenile Court are void and this Court does not have jurisdiction to proceed. Further, because the convictions are void, the case is remanded to the Juvenile Court for retrial.