COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


ANNE MARIE BURFOOT
                                            OPINION BY
v.      Record No. 1591-95-2      JUDGE JOHANNA L. FITZPATRICK
                                          AUGUST 6, 1996
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                   Thomas V. Warren, Judge

        Joseph W. Kaestner (John B. Moriarty, Jr.;
        Kaestner & Pitney, P.C., on briefs), for
        appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



        Anne Marie Burfoot (appellant), a juvenile, was transferred

to the circuit court for trial as an adult and was convicted in a

bench trial of malicious wounding in violation of Code § 18.2-51.

 The sole issue on appeal is whether the circuit court erred in

exercising jurisdiction over appellant when:  (1) the

Commonwealth nolle prossed the initial indictment and directly

indicted her on the charge without filing a second petition in

the juvenile and domestic relations district court, and (2) no

additional transfer hearing was conducted.  For the reasons that

follow, we reverse the conviction.

                          **BACKGROUND**

        On November 27, 1993, the complainant, Michael Eric Jenkins

(Jenkins), was injured during a fight at a party in Dinwiddie

County.  A petition was filed in the juvenile and domestic

relations district court on December 8, 1993, charging appellant[1] with malicious wounding of Jenkins. A transfer hearing was held in the juvenile and domestic relations district court on March 29, 1994, and on May 17, 1994, appellant was certified for trial in the circuit court. The grand jury returned an indictment for malicious wounding on May 19, 1994, and trial was scheduled for June 24, 1994. Several witnesses for the Commonwealth failed to appear on the day of trial, and the Commonwealth nolle prossed the indictment against appellant.

Appellant was again indicted on the same malicious wounding charge on November 21, 1994. No additional petition was filed in the juvenile and domestic relations district court, and no transfer hearing was held. At the trial on April 13, 1995, the circuit court judge sua sponte asked whether appellant had a problem with the transfer or "any difficulty from a procedural standpoint to proceeding today." Appellant's attorney asked whether the Commonwealth nolle prossed the indictment because its witnesses failed to appear and conceded that, "[i]f that was the reason, the transfer is appropriate." The Commonwealth's attorney confirmed that a nolle prosequi of the indictment was entered when several witnesses failed to appear. Appellant's attorney stated: "That being the circumstances, no, I don't

---

[1]Appellant was born on September 16, 1976 and was seventeen years old at the time of the offense. Code § 16.1-241 provides that "[t]he ages specified in this law refer to the age of the child at the time of the acts complained of in the petition."

[have a problem with the transfer]."  Appellant was convicted of malicious wounding as charged in the second indictment.

At the sentencing hearing on July 17, 1995, appellant moved to set aside the verdict, arguing that, when the Commonwealth nolle prossed the first indictment, the prosecution of appellant on the charge of malicious wounding terminated.  Appellant asserted that, because of her status as a juvenile, any further proceedings had to begin with the filing of a second petition in the juvenile and domestic relations district court, and a second transfer hearing should have been conducted.  The circuit court denied appellant's motion and found that the jurisdictional requirements were satisfied.  The court sentenced appellant to twenty years in the state penitentiary, with fifteen years suspended for twenty years.

## EFFECT OF NOLLE PROSEQUI ON JURISDICTION

Appellant argues that the circuit court erred in exercising jurisdiction over her after the Commonwealth nolle prossed the initial indictment.  She contends that, to reinstitute criminal proceedings against her, the Commonwealth was required to file a new petition in the juvenile and domestic relations district court, and the court was required to conduct a new transfer hearing.

The effect of a nolle prosequi of an indictment on the jurisdiction of the circuit court over a juvenile who has been transferred for trial as an adult is an issue of first impression

3

in the Commonwealth. In light of the specific statutory procedures applicable to the prosecution of a juvenile for a crime and the jurisdictional prerequisite of a valid juvenile transfer hearing, we hold that a nolle prosequi terminates the prosecution of a juvenile and that the only way to initiate a new prosecution is to file a second petition in the juvenile and domestic relations district court.[2]

---

[2]At the time of the proceedings in this case, Code § 16.1-269 provided the procedures for juvenile transfer. Code § 16.1-269 was repealed in 1994 and replaced by Code §§ 16.1-269.1 to 16.1-269.6. Code § 16.1-269.6(C) provides, in pertinent part, as follows:

> The circuit court order advising the attorney for the Commonwealth that he may seek an indictment shall <u>divest the juvenile court of its jurisdiction over the case as well as the juvenile court's jurisdiction over any other allegations of delinquency arising from the same act, transaction or scheme giving rise to the charge for which the juvenile has been transferred</u>. In addition, upon conviction of the juvenile following transfer and trial as an adult, the circuit court shall issue an order terminating the juvenile court's jurisdiction over that juvenile with respect to any future criminal acts alleged to have been committed by such juvenile and with respect to any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.

(Emphasis added). Under the new statute, the juvenile and domestic relations district court loses jurisdiction <u>for all time</u> over a juvenile defendant when the Commonwealth is authorized by the circuit court to seek an indictment. Thus, if the Commonwealth enters a nolle prosequi of that indictment, the circuit court retains jurisdiction over the juvenile. Accordingly, our decision in this case only applies to a case in which Code § 16.1-269 governed the initial transfer hearing.

4

Considering the effect of a nolle prosequi in the double jeopardy context, this Court has held that, "'[u]nder Virginia procedure, a nolle prosequi is a discontinuance which discharges the accused from liability on the indictment to which the nolle prosequi is entered.'" Arnold v. Commonwealth, 18 Va. App. 218, 221, 443 S.E.2d 183, 185 (quoting Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977), cert. denied, 434 U.S. 1016 (1978)), aff'd en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994). When the trial court enters a nolle prosequi of an indictment, it lays "to rest that indictment and the underlying warrant without disposition, as though they had never existed." Arnold, 18 Va. App. at 222, 443 S.E.2d at 185 (emphasis added). To reinstitute criminal proceedings against an adult defendant after an indictment has been nolle prossed, the Commonwealth may seek a "new indictment[, which] is a new charge, distinct from the original charge or indictment." Id. at 221, 443 S.E.2d at 185.

After a nolle prosequi of an indictment, the slate is wiped clean, and the situation is the same as if "the Commonwealth [had] chosen to make no charge." Id. at 222, 443 S.E.2d at 185. Thus, whether a defendant is an adult or a juvenile, the Commonwealth must comply with statutory procedures for initiating criminal proceedings when it seeks to reinstitute prosecution of the defendant after a nolle prosequi of an earlier indictment.

When the Commonwealth seeks to prosecute an adult for a felony, it has several options how to proceed, including direct

5

indictment, presentment, information, or arrest warrant followed by a preliminary hearing.  See Code §§ 19.2-217, -218.  An adult defendant charged with a crime is not always entitled to a preliminary hearing.  Payne v. Warden of the Powhatan Correctional Ctr., 223 Va. 180, 184, 285 S.E.2d 886, 888 (1982).  "'The primary purpose of a preliminary hearing is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one who has committed it.'"  Id. at 183, 285 S.E.2d at 888 (quoting Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963)).  See also Moore v. Commonwealth, 218 Va. 388, 391, 237 S.E.2d 187, 190 (1977) ("The preliminary hearing is essentially a screening process.  Its primary purpose is to determine whether there is 'sufficient cause' for charging the accused with the crime alleged . . . .").  "[W]here an adult accused is directly indicted by a grand jury, without having been previously arrested and charged, the jurisdiction of the circuit court is thereby invoked, and no preliminary hearing is required, even though the victim of the crime involved may be a juvenile."  Payne, 223 Va. at 184, 285 S.E.2d at 888 (emphasis added).[3]

_____

[3]Cf. Jones v. Commonwealth, 220 Va. 666, 670-72, 261 S.E.2d 538, 540-41 (1980) (holding that a preliminary hearing in the juvenile and domestic relations district court is a prerequisite to the circuit court acquiring jurisdiction over an adult charged with a crime against a juvenile victim).  In Payne, the Supreme Court distinguished Jones and noted that, in Jones, "[t]here was no occasion for [it] to consider or decide what would have been Jones' status had he been indicted directly by a grand jury." 223 Va. at 183, 285 S.E.2d at 887.

However, the juvenile and domestic relations district courts have exclusive, original jurisdiction over criminal offenses alleged to have been committed by a juvenile.  Code § 16.1-241(A)(1); Peyton v. French, 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966).  "All matters alleged to be within the jurisdiction of the court[, including the prosecution of a juvenile for a criminal offense,] shall be commenced by the filing of a petition" in the juvenile and domestic relations district court.  Code § 16.1-260(A) (emphasis added).  Thus, the sole avenue available to prosecute a juvenile defendant charged with a criminal offense begins with the Commonwealth filing a petition in the juvenile and domestic relations district court.  No statute allows the Commonwealth to directly indict a juvenile for a criminal offense; process must be initiated by filing an appropriate petition in the juvenile and domestic relations district court.

Additionally, the juvenile and domestic relations district court must conduct a transfer hearing before the circuit court may obtain jurisdiction over a juvenile alleged to have committed a criminal offense.  Peyton, 207 Va. at 79-80, 147 S.E.2d at 743.  "The legislative purpose of Code § 16.1-241 is to afford juvenile defendants . . . the protection and expertise of the juvenile court during the preliminary, or certification, hearing stage of a criminal prosecution. . . . Juvenile courts are staffed with trained personnel who have the necessary expertise

7

to deal with juveniles." Payne, 223 Va. at 184, 285 S.E.2d at 888. Additionally, "[a] hearing held under the Juvenile and Domestic Relations Court Law is not as limited in its scope as a preliminary hearing under the criminal procedures applicable to an adult." Peyton, 207 Va. at 78, 147 S.E.2d at 742. Code § 16.1-269(A), in effect at the time of appellant's juvenile transfer hearing,[4] provided the conditions for juvenile transfer

_____

[4]As noted, Code § 16.1-269 was repealed in 1994. Code § 16.1-269.1(A) sets forth the conditions for transferring a juvenile to the circuit court as follows:

> If a juvenile fourteen years of age or older is charged with an offense which would be a felony if committed by an adult, the court shall, on motion of the attorney for the Commonwealth and prior to a hearing on the merits, hold a transfer hearing and may retain jurisdiction or transfer such juvenile for proper criminal proceedings to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult. Any transfer to the appropriate circuit court shall be subject to the following conditions:
> 1. Notice as prescribed in §§ 16.1-263 and 16.1-264 shall be given to the juvenile and his parent, guardian, legal custodian or other person standing in loco parentis; or attorney;
> 2. The juvenile court finds that probable cause exists to believe that the juvenile committed the delinquent act as alleged or a lesser included delinquent act which would be a felony if committed by an adult;
> 3. The juvenile is competent to stand trial. The juvenile is presumed to be competent and the burden is on the party alleging the juvenile is not competent to rebut the presumption by a preponderance of the evidence; and
> 4. Except as provided in subsection B, the court finds by a preponderance of the

8

as follows:

    If a child fifteen years of age or older is charged with an offense which, if committed by an adult, could be punishable by confinement in a state correctional facility, the court shall on motion of the attorney for the Commonwealth and prior to a hearing on the merits, hold a transfer hearing and may retain jurisdiction or transfer such child for proper criminal proceedings to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult.  Any transfer to the appropriate circuit court shall be subject to the following conditions:

    1. The child was fifteen or more years of age at the time of the alleged commission of the offense.

    2. Notice as prescribed in §§ 16.1-263 and 16.1-264 shall be given to the child and his parent, guardian, legal custodian or other person standing in loco parentis or attorney.

    3. The court finds:

     a. There is probable cause to believe that the child committed the delinquent act as alleged or a lesser included delinquent act which would be a felony if committed by an adult;

     b. The child is not, in the opinion of the court, <u>amenable to treatment or rehabilitation as a juvenile through available facilities, considering the nature of the present offense or such factors as the nature of the child's prior delinquency record, the nature of past treatment efforts and the nature of the child's response to past treatment efforts</u>; provided, however, when the alleged delinquent act is armed robbery, rape as provided in § 18.2-61 or murder, or when the child has previously been tried as an adult and convicted of a felony and is presently alleged to have committed an act which would be a felony

(..continued)

evidence that the juvenile is not a proper person to remain within the jurisdiction of the juvenile court.

if committed by an adult, the court may certify the child without making the finding required by this subdivision;
        c. The child is competent to stand trial. The child is presumed to be competent and the burden is on the party alleging the child is incompetent to rebut the presumption by a preponderance of the evidence; and
        d. The interests of the community require that the child be placed under legal restraint or discipline.

(Emphasis added).  One of the primary purposes of the transfer hearing is to determine whether, at the time of the transfer hearing, a juvenile is amenable to treatment as a juvenile and a proper person to remain within the jurisdiction of the juvenile court, in addition to a determination of probable cause to believe that the juvenile has committed a delinquent act.  At a juvenile transfer hearing, the court hears evidence of the current status of the juvenile, including the juvenile's age, the alleged offenses, and the record and history of the juvenile.  Thus, in a subsequent transfer hearing after the nolle prosequi of an indictment, the juvenile may be more or less amenable to treatment as a juvenile than at the time of an earlier certification hearing.

We hold that the jurisdiction of the circuit court in this case was dependent upon a proper transfer hearing being conducted in accordance with Code § 16.1-269 and upon the juvenile and domestic relations district court making the findings required by that section.  See Peyton, 207 Va. at 80, 147 S.E.2d at 743 (holding that a preliminary hearing in the juvenile and domestic

10

relations district court is jurisdictional); Matthews v. Commonwealth, 216 Va. 358, 361, 218 S.E.2d 538, 541 (1975) (holding that "the findings required by the transfer statute are jurisdictional").  In Peyton, the Supreme Court addressed the jurisdictional effect of both the petition and the transfer hearing in cases involving juvenile defendants and stated as follows:

> The powers conferred [upon the juvenile and domestic relations district court by the Code] are to be exercised to effect its beneficial purposes, and in all proceedings concerning the disposition, custody and control of children coming within the purview of the law the court shall proceed upon the theory that the welfare of the child is the paramount concern of the State. . . . [T]he clear purpose and intent of the Juvenile and Domestic Relations Court Law cannot be achieved if it is not mandatory that the proceedings set forth in [Code §§ 16.1-260 and 16.1-269.1] be complied with.  Indeed <u>the very language of the statutes makes it mandatory that . . . [they] be followed before criminal jurisdiction in a proper court of record comes into being</u>.

207 Va. at 79, 147 S.E.2d at 743 (emphasis added).  Thus, if the juvenile and domestic relations district court fails to hold a transfer hearing or to make the required findings, then the circuit court proceedings against a juvenile are void for lack of jurisdiction to try him or her as an adult.  Peyton, 207 Va. at 80, 147 S.E.2d at 743; Matthews, 216 Va. at 359, 218 S.E.2d at 540.

In the instant case, when the Commonwealth nolle prossed the initial indictment against appellant, the charge against

11

appellant for malicious wounding was terminated.  See Arnold, 18 Va. App. at 221, 443 S.E.2d at 185.  At that point in time, if appellant were an adult, the Commonwealth would have had the option of seeking a direct indictment.  However, to proceed against appellant, a juvenile, on a new charge of malicious wounding, at the time of appellant's proceedings, the Commonwealth was required to file a second petition in the juvenile and domestic relations district court.  The court was required to follow the statutory requirements by conducting a transfer hearing in accordance with Code § 16.1–269 and making the findings required by that section based on the circumstances as they existed at that time.  Because no second petition was filed or transfer hearing conducted, the circuit court erred in exercising jurisdiction over appellant, and the proceedings before the circuit court are void for lack of jurisdiction.

The Commonwealth argues that the transfer hearing conducted under Code § 16.1–269 is the equivalent of a preliminary hearing for an adult and that, once a juvenile is certified for trial as an adult, the Commonwealth may proceed against her by direct indictment in the same manner as against an adult defendant by direct indictment.  However, the Commonwealth's argument is without merit in light of the jurisdictional effect of a juvenile transfer hearing.  See Peyton, 207 Va. at 80, 147 S.E.2d at 743.[5]

_____

[5]But see Code § 16.1–269.6(C) (providing that the juvenile and domestic relations district court's jurisdiction over a juvenile ends when the Commonwealth is authorized to seek an indictment).

12

The Commonwealth also contends that, under former Code § 16.1-269(E), the juvenile and domestic relations district court's jurisdiction "terminated" when the grand jury returned an indictment against appellant. Code § 16.1-269(E), in effect at the time of the transfer hearing in this case, provided, in pertinent part, as follows:

> The circuit court shall, within a reasonable period of time after receipt of the case from the juvenile court, . . . enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment. If the grand jury returns a true bill upon such indictment the <u>jurisdiction of the juvenile court as to such case shall terminate</u>.

(Emphasis added). However, this argument fails to take into account the effect of entering a nolle prosequi of an indictment. When the Commonwealth nolle prossed the initial indictment against appellant, it discontinued the prosecution of appellant on that indictment, <u>as though the indictment had never existed</u>. See <u>Arnold</u>, 18 Va. App. at 222, 443 S.E.2d at 185. Thus, although the juvenile and domestic relations district court lost jurisdiction when the grand jury indicted appellant, the circuit court's jurisdiction as to such case was terminated when the Commonwealth nolle prossed the indictment. At that point, the juvenile and domestic relations district court again was the only forum with jurisdiction over appellant for any charges arising prior to her eighteenth birthday.

13

## WAIVER OF JURISDICTION

Lastly, the Commonwealth asserts that appellant waived the jurisdictional issue by failing to object to the jurisdiction of the circuit court before arraignment on the second indictment.

Code § 16.1-269.6(E) provides that "[a]ny objection to the jurisdiction of the circuit court pursuant to this article shall be waived if not made before arraignment." However, this section assumes that the Commonwealth initiated the proceeding in accordance with Code § 16.1-260(A) by filing a petition in the juvenile and domestic relations district court and that a valid transfer hearing was conducted in accordance with Code § 16.1-269.1. Code § 16.1-269.6(E) simply provides that any further challenge to the jurisdiction of the circuit court after the proper initiation of prosecution by petition and the holding of a valid transfer hearing must be made before arraignment. The "objections" contemplated by Code § 16.1-269.6(E) are arguments concerning deficiencies in the transfer process involving a particular juvenile. We agree with appellant's contention that the circuit court never acquired jurisdiction because no petition was filed or transfer hearing was held, not that the transfer process was defective.

The Commonwealth's waiver argument fails to take into account the well-established principle that "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte."

14

Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990) (emphasis added). No party can "waive a subject matter jurisdictional requirement." Pope v. Commonwealth, 19 Va. App. 130, 133, 449 S.E.2d 269, 270 (1994) (holding that the general district court acted in the absence of jurisdiction by certifying an adult defendant for trial in the circuit court when the victim was a family member). Additionally, "'a void decree or order is a nullity and may on proper application be vacated at any time.'" Matthews, 216 Va. at 359, 218 S.E.2d at 540 (emphasis added) (quoting Cofer v. Cofer, 205 Va. 834, 837, 140 S.E.2d 663, 665-66 (1965)). Thus, appellant's failure to object to the circuit court's exercise of jurisdiction before arraignment cannot constitute a waiver of jurisdiction.

Accordingly, we reverse the decision of the trial court and vacate appellant's conviction. Under Code § 16.1-241, the juvenile and domestic relations district court retains jurisdiction of appellant because the "ages specified in this law refer to the age of the child at the time of the acts complained of in the petition." Therefore, the case is remanded to the circuit court with instruction to remand the matter to the juvenile and domestic relations district court for further proceedings if the Commonwealth be so advised.[6]

Reversed and remanded.

_____

[6]Code § 16.1-269.1 was amended in 1996. The new version of Code § 16.1-269.1 provides, in pertinent part, as follows:

15

A. Except as provided in subsections B and C, if a juvenile fourteen years of age or older at the time of an alleged offense is charged with an offense which would be a felony if committed by an adult, the court shall, on motion of the attorney for the Commonwealth and prior to a hearing on the merits, hold a transfer hearing and may retain jurisdiction or transfer such juvenile for proper criminal proceedings to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult.  Any transfer to the appropriate circuit court shall be subject to the following conditions:

1. Notice as prescribed in §§ 16.1-263 and 16.1-264 shall be given to the juvenile and his parent, guardian, legal custodian or other person standing in loco parentis; or attorney;

2. The juvenile court finds that probable cause exists to believe that the juvenile committed the delinquent act as alleged or a lesser included delinquent act which would be a felony if committed by an adult;

3. The juvenile is competent to stand trial.  The juvenile is presumed to be competent and the burden is on the party alleging the juvenile is not competent to rebut the presumption by a preponderance of the evidence; and

4. The court finds by a preponderance of the evidence that the juvenile is not a proper person to remain within the jurisdiction of the juvenile court. . . .

\*    \*    \*    \*    \*    \*    \*

C. The juvenile court shall conduct a preliminary hearing whenever a juvenile fourteen years of age or older is charged with . . . malicious wounding in violation of § 18.2-51, . . . provided the attorney for the Commonwealth gives written notice of his intent to proceed pursuant to this subsection at least seven days prior to the preliminary hearing.  If the attorney for the Commonwealth elects not to give such notice, or if he elects to withdraw the notice prior to certification of the charge to the grand jury, he may proceed as provided in

subsection A.

D. Upon a finding of probable cause pursuant to a preliminary hearing under subsection B or C, the juvenile court shall certify the charge, and all ancillary charges, to the grand jury. Such certification shall divest the juvenile court of jurisdiction as to the charge and any ancillary charges.

If the court does not find probable cause to believe that the juvenile has committed the violent juvenile felony as charged in the petition or warrant or if the petition or warrant is terminated by dismissal in the juvenile court, the attorney for the Commonwealth may seek a direct indictment in the circuit court. If the petition or warrant is terminated by nolle prosequi in the juvenile court, the attorney for the Commonwealth may seek an indictment only after a preliminary hearing in juvenile court.

\*       \*       \*       \*       \*       \*       \*

E. An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age. <u>If an indictment is terminated by nolle prosequi, the Commonwealth may reinstate the proceeding by seeking a subsequent indictment</u>.

(Emphasis added).