Charles E. **RICHARDSON**, Petitioner,

v.

James D. **COX**, Superintendent, Virginia State Penitentiary, Respondent.

No. 70–C–72–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 6, 1970.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a habeas corpus petition brought pursuant to the provisions of 28 U.S.C. § 2241(c) (3). Petitioner seeks to attack the constitutionality of certain proceedings preliminary to his conviction for armed robbery. The petition was filed *in forma pauperis* in the United States District Court for the Eastern District of Virginia at Richmond which ordered the case transferred to this court.

At the time of the robbery petitioner was sixteen years old. He was involved in the incident with two of his brothers, aged fifteen and twenty, and one Robert Woodyard, aged eighteen. Va. Code Ann. § 16.1–158 (Repl. Vol. 1960) provides that juvenile courts are to have jurisdiction over minors who commit violations of state law prior to becoming

eighteen years old. Va. Code Ann. § 16.1–176 (Repl. Vol. 1960), further provides that the juvenile court may hold a hearing and either retain jurisdiction or certify over for adult criminal proceedings in the appropriate court of record a minor between the ages of fourteen and eighteen who has committed an offense for which an adult could be sentenced to prison. On the petition to the Juvenile and Domestic Relations Court informing it of the charge against the petitioner appears the writing, "Commonwealth's Atty. Julius Goodman has notified this Court 2 days prior to hearing that action by Circuit Court is necessary in this case." On October 10, 1958 a hearing was held in the Juvenile and Domestic Relations Court of Montgomery County which apparently served both as a preliminary hearing for the two minors over the age of eighteen and as a certification hearing for the two minors under the age of eighteen. At this hearing Woodyard was represented by an attorney, Mr. J. B. Spiers, Jr., who had been employed by his parents. The court appointed Mr. Spiers and the Commonwealth's Attorney, Mr. Julius Goodman, to act as guardians ad litem for the petitioner. Mr. Spiers later testified in the state habeas corpus hearing that he considered the Richardson boys "were the real perpetrators of the crime and (Woodyard) was just a victim." The petitioner's mother was present at the hearing which did certify the petitioner over for adult criminal proceedings.

At the actual trial petitioner entered a plea of guilty to armed robbery on the advice of a court appointed attorney. He was convicted of that offense by the Circuit Court of Montgomery County on December 4, 1958 and sentenced to a term of eight years. On October 21, 1963 petitioner was paroled but he was returned to prison January 1, 1969 for violation of parole. Thus he is presently incarcerated by reason of the conviction under attack here.

Petitioner alleges that he is entitled to habeas corpus relief on the following grounds: 1) that the two attorneys appointed as his guardians ad litem in the certification hearing had conflicts of interests because one was the Commonwealth's Attorney and the other was employed to represent a co-defendant who the attorney felt was a victim of the other defendants; 2) that a guardian ad litem did not represent him nor were his parents present when the Commonwealth's Attorney notified the judge of the Juvenile and Domestic Relations Court that action was necessary in the circuit court; and 3) that he was denied due process of law by not being present when the judge was notified of the possible action and generally in all stages of the juvenile hearing. These claims have been presented to the Circuit Court of Montgomery County which, after a plenary hearing, denied the writ of habeas corpus by order dated May 6, 1969. The Supreme Court of Appeals of Virginia denied a writ of error to this judgment. Therefore petitioner has exhausted his state remedies and met the requirements of 28 U.S.C. § 2254.

With regard to the claim that the two attorneys appointed as guardians ad litem of the petitioner in the certification hearing had a conflict of interest, it should be noted that Va. Code Ann. § 16.1–173 (Repl. Vol. 1960) in force at the time of the hearing required that a guardian ad litem be appointed only when neither of the parents were present in the courtroom. It is clear from the record that petitioner's mother was present during the hearing and was actually questioned by a welfare officer. The petitioner was actually accorded greater protection than the law required.

The petitioner has alleged that a conflict of interests existed but he has not suggested that any prejudice resulted to him. Nor has he suggested what either of these attorneys or any other attorney could have done better to safeguard the petitioner's interests. Since petitioner faced a charge of armed robbery, a capital offense, the Commonwealth's Attorney would have been free to present the case to the grand jury re-

gardless of the decision made by the juvenile court. Va.Code Ann. § 16.1–176 (Repl.Vol.1960). The certification hearing is not designed primarily to probe into the question of guilt or innocence; rather it is supposed to determine with regard to the relative best interests of the juvenile and society whether it is better that he be tried as an adult or as a juvenile. In the hearing under attack here the requirements of Va.Code Ann. § 16.1–176 (Repl.Vol.1960) were satisfied by making investigations into the petitioner's personal history including mental and physical health. Virginia law provides that a failure to meet these requirements is a jurisdictional defect, Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966), but the procedures were followed in this case. This court has previously held that In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) should not be extended to require counsel at such a hearing and even if it were so extended, should not be applied retroactively. Stanley v. Peyton, 292 F.Supp. 209 (W.D.Va.1968). *Accord,* Kemplen v. State of Maryland, 295 F.Supp. 8 (D. Md.1969).

■■ It might also be noted that the petitioner was represented by a court appointed attorney at his trial at which he entered a plea of guilty. The Supreme Court of Appeals of Virginia has held that a voluntary plea of guilty precludes a later raising of any defense which is not jurisdictional. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). *Cf.* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

■ The claim that petitioner was not present and that he was not represented by guardian ad litem or parents at the time when the Commonwealth's Attorney notified the judge that circuit court action would be necessary is without merit. The Circuit Court of Montgomery County specifically held in the plenary habeas corpus hearing that the notation on the petition to the Juvenile and Domestic Relations Court only relat-

ed to the fact that Mr. Goodman notified the judge of what position he would take at the hearing. It was in no sense a hearing requiring some kind of representation for the accused. The finding is supported by the evidence and it is accepted by this court. 28 U.S.C. § 2254.

■ The final general allegation of a denial of due process in the juvenile proceedings is insufficient without supporting allegations of fact. The court has examined carefully the record in this case and it has found no lack of fairness to the petitioner in the proceedings.

For the foregoing reasons it is hereby ordered and adjudged that the petition be dismissed and that the writ of habeas corpus be denied.