## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Robby Lee Thomas

August 5, 1986

Cases No. (Cr.) 5179 and 5180

### By JUDGE ROBERT K. WOLTZ

The issue in this case is the jurisdiction of this Court over a defendant who was a juvenile at the time of the alleged offenses but an eighteen-year-old adult when charged with the commission of them.

The defendant has been recently charged by direct indictments of the grand jury with capital murder and robbery alleged to have occurred on September 20, 1985. At that time the defendant was seventeen and eight days short of his eighteenth birthday. He moves to quash the indictments on the ground that exclusive original jurisdiction in these matters lies with the Juvenile and Domestic Relations District Court.

Section 16.1-228, Code 1950 as amended, defines an "adult" as "a person eighteen years of age or older"; and a "child," "juvenile" or "minor" as "a person less than eighteen years of age." By definition the defendant is now an adult. Except for instances not applicable here the Juvenile and Domestic Relations District Court has exclusive original jurisdiction involving "control or disposition of a child" who is delinquent, Section 16.1-241(A)(1). "'Delinquent child' means a child who has committed a delinquent act *or an adult who has committed a delinquent act prior to his or her eighteenth birthday*," § 16.1-228. (Italics added.) With exceptions not pertinent here, by virtue of § 16.1-242 when a court

obtains jurisdiction of a child that jurisdiction is retained "until such person becomes twenty-one years of age."

Apparently in the present case the Commonwealth's Attorney made presentment of bills of indictment directly to the grand jury because of some disinclination of the Juvenile and Domestic Relations District Court to accept jurisdiction. Presumably any such disinclination was based on the language of Opinion of the Attorney General, May 9, 1986, to the Commonwealth's Attorney of Chesterfield County. By way of analogy in support of the conclusions in the opinion it cited *Peyton* v. *French*, 207 Va. 73 (1966), and *Pruitt* v. *Guerry*, 210 Va. 268 (1969), as holding:

> [A] juvenile court's jurisdiction is determined not by the defendant's age at the time of the commission of the offense, but, rather, at the time the criminal proceedings are commenced. Thus, a juvenile and domestic relations district court has no jurisdiction over a defendant charged when he was an adult with a crime committed when he was a juvenile.

It is submitted that this statement does not precisely reflect the holdings in those two cases.

*Peyton* was a habeas corpus proceeding alleging jurisdictional violations in the juvenile court when the petitioner was a juvenile whereby his case was transferred to the circuit court, where he was convicted and sentenced to the penitentiary. The Supreme Court in upholding grant of the petition and with respect to possible re-trial of the petitioner stated:

> We deem it proper, in affirming the judgment of the court below, to call attention to the fact that the records show *petitioner is now 21 years of age* and this fact would make it improper under Code § 16.1-159 [now § 16.2-242], as amended, to try him again as a child coming under the purview of the Juvenile and Domestic Relations Court law. *Since he cannot be retried as a juvenile, irrespective of his age at the time the offenses were committed*, the proper procedure would be to follow the criminal proce-

dure applicable to an adult. It thus follows that since the circuit court did not have jurisdiction over the petitioner because of the lack of proper proceedings in the juvenile court, the petitioner should be tried on new indictments if the Commonwealth proceeds further against him. (Italics added; citations omitted.)

In the *Pruitt* case the petitioner sought a writ of prohibition against his prosecution in a corporation, now circuit, court of indictments pending there. He had earlier been successful for reasons similar to those in *Peyton* in a habeas corpus proceeding respecting convictions for crimes committed by him when a juvenile. He was over twenty-one at the time of the re-prosecution he sought to prohibit. The ground of his petition was that being a juvenile at the time of the alleged offenses he should now on retrial be afforded the procedural rights of a juvenile.

The writ of prohibition was denied on the reasoning in *Peyton* and other cases cited, the opinion stating:

No fewer than four times recently this court has held that a defendant who is charged with the commission of a crime when a juvenile and is not validly tried therefor before he reaches twenty-one years of age, is no longer within the jurisdiction of the juvenile court but may be proceeded against as an adult.

Perhaps some of the confusion arises from the fact that two of the cases cited in *Pruitt* use the term "majority," which at the time of all these cases was twenty-one but was changed to eighteen in 1972, § 1-13.42. The holdings of *Peyton* and *Pruitt* are that a person *twenty-one years of age* at the time of a prosecution may be prosecuted as an adult despite the fact that he was a juvenile at the time of the alleged commission of a crime. The rationale is that a juvenile court under § 16.1-242 loses all jurisdiction of a juvenile once that person becomes twenty-one and since jurisdiction to prosecute crimes must be somewhere, by process of elimination that jurisdiction lies in the circuit court.

This is a far cry, however, from saying that during the three-year period between eighteen, when one now

becomes an adult, and twenty-one a person charged with committing an offense when a juvenile loses his right to be proceeded against under the juvenile laws. He did lose that right as a twenty-one-year-old adult under the cases cited because the juvenile courts had lost jurisdiction of him, but juvenile courts under the law retain jurisdiction of eighteen-year-old adults during the interim between that age and twenty-one.

The distinction between the two situations is underscored by § 16.1-245 providing for transfer to the juvenile court in criminal proceedings where for the first time it is discovered "the person was under the age of eighteen years at the time of committing the alleged offense *and* jurisdiction of such person. . . lies within the juvenile court." (Italics added.) This statute sets up a two-part standard: under eighteen at the time of the alleged offense plus jurisdiction of the person in the juvenile court. If such person is over twenty-one, he fails the second imperative. The defendant here meets both tests.

The provision for "exclusive original jurisdiction" in the juvenile courts set out in § 16.1-241 means just that and the requirement is jurisdictional and not merely procedural. *Jones* v. *Commonwealth*, 220 Va. 666 (1980). Consequently, the Juvenile and Domestic Relations District Court of Frederick County is solely vested with jurisdiction of these matters by virtue of §§ 16.2-228 (definition of delinquent child), § 16.1-241(A)(1) (jurisdiction of disposition of delinquent children) and § 16.1-242 (retention of jurisdiction to age twenty-one). That court having exclusive jurisdiction, this court has none except by virtue of § 16.1-245 to transfer the cases to that court and to determine custody of the defendant pending action by that court, both of which will be effected by entry of an order.