# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

T. D. S.

January 15, 2008

Case No. Cr. CJ07-48

BY JUDGE THOMAS D. HORNE

T. D. S., a seventeen-year-old high school student, is charged with aggravated involuntary manslaughter arising out of an automobile accident that occurred on September 20, 2007. Va. Code Ann. § 18.2-36.1 states that "Any person who, as a result of driving under the influence . . . causes the death of another person . . . [and] in addition, the conduct of the defendant was so gross, wanton, and culpable as to show a reckless disregard for human life . . . shall be guilty of aggravated involuntary manslaughter. . . ." The commonwealth's attorney initiated proceedings in the Loudoun County Juvenile and Domestic Relations Court to have the instant prosecution transferred to this Court pursuant to Va. Code Ann. § 16.1-269.1(A).

After a hearing, the judge of the juvenile and domestic relations court determined that probable cause existed that Ms. S. committed the instant offense but declined to find, "by a preponderance of the evidence that the juvenile [was] not a proper person to remain within the jurisdiction of the juvenile court." Accordingly, the request for transfer was denied. This decision not to transfer was timely appealed by the attorney for the commonwealth and is now before the Court for *de novo* review. Va. Code Ann. §§ 16.1-136, 16.1-269.6.

This Court has, as it must, examined the various papers in this case, including the transcript, reports, and memoranda of law submitted by counsel. In determining whether it is more likely than not that Ms. S. is not a "proper

person" to remain within the jurisdiction of the juvenile court, this Court must consider various factors enumerated by the legislature. These factors have been the subject of comment by the parties and will be reviewed by this Court. The instant offense for which certification is sought is not one identified by the legislature as a subject to transfer upon a finding of probable cause alone. Va. Code Ann. § 16.1-269.1(B), (C).

In commenting upon the legislative foundation for a separate criminal justice system for dealing with crimes committed by those under the age of eighteen at the time of the offense, the Supreme Court of Virginia has observed:

> It was the intent of the General Assembly in enacting the Juvenile and Domestic Relations Court Law that it be liberally construed. The powers conferred are to be exercised to effect its beneficial purposes, and in all proceedings concerning the disposition, custody and control of children coming within the purview of the law the court shall proceed upon the theory that the welfare of the child is the paramount concern of the State. . . . Here the convictions in the circuit court resulted from the judge of the juvenile and domestic relations court taking the petitioner from boyhood to manhood by "certifying" him for grand jury action and trial as an adult without proper hearing.

*Peyton v. French*, 207 Va. 73, 79 (1966).

As the Commonwealth has noted, the legislature has further defined the nature, purpose, and intent of proceedings in juvenile and domestic relations courts. Va. Code Ann. § 16.1-227. To that end, the juvenile and domestic relations court law:

> [S]hall be construed liberally and as remedial in character, and the powers hereby conferred are intended to be general to effect the beneficial purposes herein set forth. It is the intention of this law that in all proceedings the welfare of the child and family, the safety of the community, and the protection of the rights of victims are the paramount concerns of the Commonwealth and to the end that these purposes may be attained, the judge shall possess all necessary and incidental powers and authority, whether legal or equitable in their nature.

The offense of aggravated involuntary manslaughter, of which there has been a finding of probable cause, arises out of a horrific accident in which an innocent motorist lost her life. Grief and a search for closure by the deceased's family, while not reported, would surely follow such a tragedy. It is reasonable to assume that those who were witnesses to the events of September 20, 2007, will also have forever etched in their memories the events of that evening.

To that end, the legislature has provided that the Juvenile and Domestic Relations District Court Law is, among other things, is to be interpreted so as, "4. To protect the community against those acts of its citizens, both juveniles and adults, which are harmful to others and to reduce the incidence of delinquent behavior and to hold offenders accountable for their behavior." Va. Code Ann. § 16.1-227.

Deterrence is, as it is in the adult criminal justice system, a required consideration in fashioning a disposition should a conviction result upon a trial on the merits.

As previously noted, the instant offense is not one that is subject to transfer as a matter of law. Va. Code Ann. § 16.1-269.1(B), (C) ("violent juvenile felonies"). A review of those offenses for which a determination of probable cause is the only prerequisite to transfer reveals that the conduct proscribed is purposeful in nature, i.e. murder, rape, robbery, forcible sodomy, carjacking, malicious wounding, and are not based upon negligent behavior. The offense charged of aggravate involuntary manslaughter carries a maximum punishment for adults of twenty years and a mandatory minimum period of confinement of one year. Va. Code Ann. § 18.2-36.1.

Pursuant to Va. Code Ann. § 16.1-285, the legislature has specifically provided that commitments to the Department of Juvenile Justice in cases of murder and manslaughter are for an indeterminate period of detention and confinement not to exceed the child's twenty-first birthday.

Were the defendant to be tried and convicted upon an indictment upon transfer, a circuit court has at its disposal various dispositional alternatives. Va. Code Ann. § 16.1-272. It may sentence or commit the defendant in accordance with the criminal laws of the Commonwealth, deal with the defendant in accordance with the case in the manner prescribed in the juvenile court (including commitment), or impose a suspended adult sentence conditioned upon completion of terms and conditions as may be imposed by the juvenile court. Upon a finding of guilt in the juvenile and domestic relations court, a variety of dispositional alternatives, some of which are applicable in this case, are provided that are not available to the court in the trial of adult criminal defendants. Va. Code Ann. §§ 16.1-278.8, 16.1-284, 16.1-284.1, 16.1-285.1.

Based upon a consideration of the statutory factors and of the evidence bearing on the issue of transfer, the Court is of the opinion that the evidence does not preponderate in favor of a finding that this defendant is not a proper person to remain within the jurisdiction of the juvenile court.

The evidence in the extant record establishes that the defendant is competent to stand trial.

With respect to the statutory factors to be considered the Court finds as follows.

### Factor A: Age of the Defendant

The defendant is seventeen years of age. As noted, the legislature has provided for an extension of commitments in cases of manslaughter to a child's twenty-first birthday instead of a three-year cap as in other cases. A psychological report, that has not been contradicted, suggests that:

> T.'s emotional and social maturity seem to lag behind her chronological age of 17, leaving her more vulnerable to poor decisions when she is attempting to act without adult guidance. At the time of the alleged offense, she was unable to effectively manage both her level of alcohol intake, as well as her anger and upset with her boyfriend. T.'s capacity for empathy and remorse may increase along with the other identified areas of social and emotional delays discussed. These are clinical issues that are of relevance for treatment.

Thus, the clinical findings indicated that despite demonstrating "normal cognitive development and achievement for her age group . . . she remains emotionally and socially immature."

Defendant's age is not a determinative factor in the transfer decision.

### Factor B: Seriousness and Number of Alleged Offenses Alleged to Have Been Committed by the Defendant

The judge of the juvenile court has determined that there was probable cause to believe that the defendant committed the instant offense. Evidence before the juvenile court suggested that the defendant crossed over a double solid line at a speed exceeding 80 miles per hour, struck a vehicle being driven by the victim in this case, and killed her. At the time of the accident, the evidence indicated the blood alcohol content of the defendant's person was

.17. While the instant prosecution does not involve numerous offenses, the seriousness of the driving behavior and the attendant consequence of the taking of an innocent motorist's life is significant and are what the General Assembly had in mind in making accountability a consideration in juvenile proceedings as they are in those cases involving adult criminal defendants.

To the extent "seriousness" is to be gauged in a transfer of jurisdiction by the length of the possible punishment to be imposed, the statute specifically requires the Court consider crimes for which the punishment is greater than twenty years differently than those that do not. In this case the maximum punishment for the offense charged is twenty years.

The offense charged was not intentional and did not implicate the use of a firearm.

The nature of the offense is a significant factor in the transfer decision.

*Factor C: Whether the Defendant Can Be Retained*
*in the Juvenile Justice System Long Enough*
*for Effective Treatment and Rehabilitation*

The psychological profile of the defendant, that is not contradicted, found that:

> T. can be considered at low risk for re-offense, as the positive historical, contextual, clinical, and protective factors clearly outweigh the negative risk factors. The issues that place T. at increased risk for re-offense are problems that can be addressed and successfully managed if she actively participates in intensive treatment, with the collaboration of family and social support.

This is the defendant's first exposure to the criminal justice system. Awaiting a disposition of the instant charge, she has been under the pretrial supervision of an officer of the Fairfax County Juvenile and Domestic Relations Court. That officer reported that she has seen the defendant three times a week including Saturdays. The officer has reported that, in her opinion, she is compliant with rules of supervision, cooperative, and infraction free.

The transfer study prepared by the juvenile probation officer and approved by her supervisor have recommended against transfer, finding that the defendant is a person who is "amenable to juvenile services and could be appropriately served by the Virginia Department of Juvenile Justice by retaining her case within the Juvenile and Domestic Relations Court of Loudoun County."

Although not heretofore treated within the juvenile justice system, those who are familiar with the resources available, suggest that a positive outcome to retention is indicated.

This is a significant factor in this transfer decision.

### Factor D: The Appropriateness and Availability of the Services and Dispositional Alternatives in Both the Criminal Justice and Juvenile Justice Systems for Dealing with the Defendant's Problems

It is evident from a review of the record that, were the defendant to be found guilty of the instant offense, as part of any disposition, she would be subject to appropriate treatment for alcohol abuse, whether within or without confinement. Such treatment would be available in jail, prison, probation, and commitment to the Department of Juvenile Justice. Age specific programs tailored to juveniles would best be made available within the Department of Juvenile Justice.

T. has been identified as a child identified as a "low risk" offender. It has been testified to without contradiction that:

What will be most important is that the treatment in which she participates is age appropriate. She is unlikely to benefit from adult programs, as she may learn the didactic material successfully without the necessary life experience, maturity, and skill sets to implement what she learns. If she is treated in programs consistent with her level of maturity, she will be more likely to apply the information in ways that promote her development.

This testimony strongly suggests that avoidance of future criminal activity may be best affected through juvenile dispositional alternatives rather than in an adult prison.

This is a significant factor in this transfer decision.

### Factor E: The Record and Previous History of the Defendant

As noted earlier, the defendant has no prior involvement with the criminal justice system. Recidivism is not an issue in this case. There is no history of prior criminal conduct that would suggest the likelihood of continuing criminal conduct after court intervention.

The fact that a criminal defendant has no prior history of infractions is a significant factor in all cases. For adults, it is a critical criteria in fixing recommended sentencing guidelines.

### Factor F: Whether the Defendant Has Previously Absconded from the Legal Custody of a Juvenile Correctional Entity in This or Any Other Jurisdiction

The defendant has no history of failing to appear for court or in connection with pretrial supervision.

Given that fact that the defendant has no prior history of involvement in the justice system, this is not a significant factor.

### Factor G: The Extent, If Any, of the Defendant's Degree of Mental Retardation or Mental Illness

The defendant is described as in good health. Her MMPI-A profile "did not suggest problems with impulse control or chronically disruptive/destructive behavior." There is no evidence of mental retardation or mental illness.

Mental retardation and mental illness are not implicated in this case.

### Factor H: The Defendant's School Record and Education

The defendant, currently in the twelfth grade, has performed well in school and is engaged in extra curricular activities. She has no record of being disciplined at school other than in connection with the instant offense. Her record at school and in extra curricular activities evidences a highly motivated child who wishes to further her education and will be able to obtain gainful employment and financial stability at some time in the future. Her excellence in school also is indicative of her motivation for improvement.

This is a significant factor since no significant work history is available for someone the age of the defendant and who is a full time student.

### Factor I: The Defendant's Mental and Emotional Maturity

As noted earlier, the defendant has been found to be lacking in maturity consistent with her biological age. To the extent this affects the dispositional alternatives best suited to manage the defendant (as noted above), this is a significant factor.

*Factor J: The Defendant's Physical Condition and Physical Maturity*

The defendant's emotional immaturity has previously been noted. It has been reported that the defendant has been active in athletics and age appropriate activities. This has already been commented upon. It is, to the extent previously noted, a significant factor.

A transfer decision is made prior to any determination of the guilt or innocence of the defendant. Central to the trial of all cases is the requirement that guilt of the defendant be proven beyond a reasonable doubt. Adult and juvenile defendants in criminal cases are presumed innocent and need not testify. Dispositional alternatives, including probation and confinement, may, in part rest upon the degree of culpability of the defendant. Thus, in making a transfer decision, the Court may not prejudge the strength of the Commonwealth's case or that of the defendant's, nor close the door to dispositional alternatives that only see the light of day at trial. This transfer decision is limited to the evidence before it and the singular issue of whether it is more likely than not that a juvenile no longer is a person who may "remain" within the jurisdiction of the juvenile court.

Based upon a review of the record, without redetermining the issue of probable cause, this Court will remand the case to the juvenile court for further proceedings.