COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Overton
Argued at Alexandria, Virginia


DAVID STEVENS SOZIO
                                              OPINION BY
v.  Record No. 2018-95-4          JUDGE JAMES W. BENTON, JR.
                                            APRIL 16, 1996
KELLEY ELIZABETH THORPE


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Jane Marum Roush, Judge

          Nancy D. Poster for appellant.

          James Ray Cottrell (Gannon, Cottrell &
          Ward, P.C., on brief), for appellee.


     The trial judge dismissed David Stevens Sozio's petition to
adopt a child born to Sozio's former spouse, Kelley Elizabeth
Thorpe.  The child is not Sozio's biological child.  Sozio
contends on appeal that the trial judge erred (1) in refusing to
waive the requirement of Code § 63.1-221 that Sozio's current
spouse join in the petition, and (2) in ruling that under Code
§ 63.1-233 the legal effect of allowing Sozio to adopt Thorpe's
child would be the termination of Thorpe's parental rights.
Because the trial judge correctly ruled in both instances, we
affirm her decision.

     The evidence proved that Sozio and Thorpe were married in
1984.  While married to Sozio, Thorpe gave birth to a male child
in 1986 and a female child in 1990.  After Sozio and Thorpe
separated in 1991, Sozio learned that another man, Elmer William
Senne, was the father of Thorpe's female child.

During their separation, Sozio and Thorpe entered into a property settlement agreement which states that the male child is their only child, that the male child shall reside with Thorpe, and that Sozio is the female child's stepfather. The agreement gives Sozio limited visitation with the female child and provides that he will maintain health insurance for her if he is able to do so under his insurance policy without additional cost to him. The agreement does not require Sozio to support the female child.

Sozio and Thorpe were divorced in 1993. The final decree of divorce recites that the male child is the only child of Sozio and Thorpe, and the decree incorporates by reference the property settlement agreement.

In January 1994, Thorpe's present husband, David Thorpe, filed a petition to adopt the female child. With the consent of the child's biological father, Sozio also filed a petition to adopt her. Both petitions were voluntarily withdrawn after a clinical psychologist opined that the child's best interests would be served by not granting either petition.

Thorpe later petitioned the circuit court for approval to relocate to South Carolina with her children and husband. Sozio then filed another petition to adopt the female child and again obtained her biological father's consent. Thorpe demurred to Sozio's petition for adoption and sought dismissal of the petition on the grounds that Sozio failed to join his present

wife as a co-petitioner as required by Code § 63.1-221 and failed to allege a basis to terminate Thorpe's parental rights.  The trial judge sustained the demurrer, dismissed the petition, and denied Sozio's motion to reconsider.

In pertinent part, the first paragraph of Code § 63.1-221 contains the following requirement for an adoption petition:

> In the case of married persons, the petition shall be the joint petition of the husband and wife but, in the event the child to be adopted is legally the child by birth or adoption of one of the petitioners, such petitioner shall unite in the petition for the purpose of indicating his or her consent to the prayer thereof only.

The parties disagree whether this statute requires a trial judge to dismiss a petition for adoption if the spouse of a married petitioner does not join in the petition.  Sozio argues that because the second paragraph of Code § 63.1-221 states that "[t]he court shall not waive any of the requirements of this paragraph [i.e., the second paragraph] nor any of the requirements of Code § 63.1-220.3," the legislature obviously intended that a trial judge could waive any other provision of Code § 63.1-221, including the requirement that Sozio and his wife file a joint petition.  We agree with Thorpe that Sozio's argument ignores the clear and plain meaning of Code § 63.1-221.

"Adoption in Virginia is solely a creature of statute." NPA V. WBA, 8 Va. App. 246, 250, 380 S.E.2d 178, 180 (1989). Although the "adoption statutes should be liberally construed to carry out the beneficent purposes of . . . adoption," McFadden v.

McNorton, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952), the principle is well established that "[c]ourts must construe statutes according to the language used by the legislature." Anderson v. Commonwealth, 182 Va. 560, 565, 29 S.E.2d 838, 840 (1944). Where the statutory language is clear and plain, we cannot look for ambiguities under the guise of applying liberal construction. Id.

The legislative expression that the trial judge "shall not waive" any of the requirements that govern the direct placement of a child for adoption by the child's parents does not lead by necessary implication to the conclusion that the trial judge may waive other provisions of the adoption statute. The language in Code § 63.1-221 prohibiting waiver obviously conveys the legislature's view of the importance of the extensive safeguards that are mandated in Code § 63.1-220.3. Those statutory procedures are quite detailed and obviously reflect the legislative concern that private placement adoptions be strictly scrutinized. The legislative emphasis in Code § 63.1-221 that each step of the procedure be followed when parents directly place the children for private adoptions does not suggest that other provisions of the act are discretionary.

The statute is clear, plain, and definite in requiring that an adoption petition, when filed by a married person, shall be made by joint petition of the husband and wife. The language that the legislature used in Code § 63.1-221 admits of no

exception.

> The question here is not what the legislature intended to enact, but what is the meaning of that which it did enact. We must determine the legislative intent by what the statute says and not by what we think it should have said.

Carter v. Nelms, 204 Va. 338, 346, 131 S.E.2d 401, 406-07 (1963). The trial judge properly dismissed Sozio's petition because it was not the joint petition of Sozio and his wife.

We need not address in detail the issue Sozio raises concerning the trial judge's refusal to ignore Code § 63.1-233. The trial judge properly ruled that by statute "[t]he legal effect of an adoption is to divest [Thorpe] of all legal rights and obligations with respect to the child unless [Thorpe] is the spouse of the petitioner." The language of Code § 63.1-233 is unambiguous and supports the trial judge's ruling. Accordingly, we hold that the trial judge did not err in ruling that she had "no discretion as to the legal effect of adoption."

For these reasons, we hold that the trial judge properly sustained the demurrer and dismissed the petition.

                                        Affirmed.