Present:  All the Justices

DOUGLAS CHRISTOPHER THOMAS

v.  Record No. 991284   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    November 5, 1999
DAVID GARRAGHTY, WARDEN,
GREENSVILLE CORRECTIONAL CENTER


          UPON A PETITION FOR A WRIT OF HABEAS CORPUS


     Douglas Christopher Thomas was convicted in the Circuit

Court of Middlesex County (circuit court) of capital murder,

first degree murder, and two counts of using a firearm in the

commission of a felony.  The first degree murder conviction was

based on the killing of James Baxter Wiseman, II, Code § 18.2-

32, and the capital murder conviction arose from the killing of

Kathy J. Wiseman as a part of the same act or transaction of

killing James Baxter Wiseman, II, Code § 18.2-31(7).  The other

two convictions were based on Thomas's use of a firearm in the

commission of these murders.  Code § 18.2-53.1.  Thomas, who was

17 years old at the time of these offenses, was sentenced to

death on the capital murder conviction based on the aggravating

factor of "vileness."  He also received a sentence of 65 years'

imprisonment for first degree murder and a total of six years'

imprisonment for the two firearms convictions.  We affirmed the

trial court's judgment in Thomas v. Commonwealth, 244 Va. 1, 419

S.E.2d 606, cert. denied, 506 U.S. 958 (1992).

Thomas filed the present petition for a writ of habeas corpus invoking this Court's original jurisdiction. He alleges that his biological father was not provided notice of the proceedings in the Middlesex County Juvenile and Domestic Relations District Court (juvenile court) that resulted in his transfer to the circuit court for trial as an adult, as required by former Code § 16.1-263.[1] He asserts that under our recent holding in Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), the Commonwealth's failure to provide such notice created a jurisdictional defect that rendered his convictions void.

In November 1990, the juvenile court issued criminal petitions against Thomas in which his mother was identified as Margaret M. Thomas and his aunt and uncle, Brenda J. and Herbert Marshall, were identified under the heading, "guardian, legal custodian or person in loco parentis." Thomas does not dispute that these three individuals were given notice of the transfer proceedings in the juvenile court. Thomas's father was identified in the petitions as "Robert Christopher Thomas[,]

---

[1]Thomas raised the same claim in a motion for writ of coram vobis filed in the circuit court, which denied the motion by order dated June 16, 1999. Thomas's appeal of the circuit court order is pending in this Court and has been consolidated with this habeas corpus proceeding. See Thomas v. Commonwealth of Virginia, Record. No. 991291. We will decide the coram vobis appeal separately by order and, for reasons not germane to this

2

Whereabouts unknown."  No notice of the juvenile court proceedings was provided to Robert Christopher Thomas, and the record does not reflect that any effort was made to locate him.

On the date set for the transfer hearing in the juvenile court, Thomas and his counsel executed a written document waiving his right to the hearing.  The document stated in part: "IT IS THE CONCLUSION of the Defendant and his counsel that the statutory requirements for transfer to Circuit Court are met and that the waiver of both a probable cause hearing and transfer hearing is in the best interest of the Defendant."  After informing Thomas of the purpose of a transfer hearing and asking him questions to determine whether his waiver was voluntary and intelligent, the juvenile court accepted Thomas's waiver pursuant to former Code § 16.1-270 and transferred Thomas to the circuit court for further criminal proceedings.  Following the transfer, Thomas was indicted, tried, and convicted in the circuit court on the four felony charges.

The following facts concerning Thomas's family relationships are not in dispute.  Thomas's biological parents, Margaret M. Thomas and Robert Christopher Thomas, separated in 1973, several months before Thomas was born.  They divorced in

---

appeal, we will affirm the circuit court's judgment in that case.

3

1974.  In 1982, Thomas was adopted by his maternal grandparents,
Herbert B. Marshall, Sr., and Virginia J. Marshall.

Prior to the adoption, both of Thomas's biological parents
executed documents indicating their consent to the adoption.
The following handwritten language appeared on the consent form
signed by Thomas's biological mother:

> Also, I would like to know by signing this paper will
> Douglas C. Thomas at [my parents'] death come back to
> me is why I gave consent for them to have custody of
> my son is because [his grandfather] wanted to put him
> on his social security & his insurance papers.

The consent form signed by Thomas's biological father
contained the following typewritten language:

> 3) That respondent . . . would like for the records to
> reflect that due to serious illness or death to the
> [adoptive parents] that the child be returned to the
> custody and care of his natural Mother.

> 4) That respondent . . . would also like for the
> records to reflect that due to the death or serious
> illness of the child's natural Mother . . . that the
> child be awarded to the custody of his natural Father.

In 1985, after both adoptive parents died, Thomas lived
with his biological mother for a period of time.  In 1988, he
began living with his aunt and uncle, Brenda and Herbert
Marshall, in Middlesex County, where he was residing when he
committed these offenses.  During the years after his adoptive
parents died, Thomas did not have a legal guardian or custodian
appointed by any court.

In his petition for a writ of habeas corpus, Thomas relies primarily on our holding in Baker. There, for the reasons stated in the opinion of the Court of Appeals, we affirmed the Court's judgment voiding the circuit court convictions of a juvenile because the required notice of transfer hearing was not provided to the juvenile's father. 258 Va. at 2, 516 S.E.2d at 220. The Court of Appeals held that "[a] plain reading of Code §§ 16.1-263 and 16.1-264 manifests legislative intent that both parents be notified and dispenses with this requirement only when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable." Baker v. Commonwealth, 28 Va. App. 306, 312, 504 S.E.2d 394, 397 (1998) (emphasis added). The Court of Appeals concluded that "[b]ecause the notice of the initiation of juvenile proceedings was not properly served on the required parties, the transfer of jurisdiction was ineffectual and the subsequent convictions are void." Id. at 315, 504 S.E.2d at 399.

Thomas argues that the circuit court did not acquire jurisdiction to try him as an adult because the transfer proceedings in the juvenile court were invalid. He essentially contends that after the death of his adoptive parents, his biological mother and father again became his "parents" and, thus, were entitled under former Code § 16.1-243 to notice of

5

the transfer proceedings in the juvenile court.  We disagree with Thomas's argument.

In 1990, when Thomas was charged with the four offenses, former Code § 16.1-263(A) provided, in relevant part:

> After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings . . . . The court may direct that other proper or necessary parties to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing.

In accordance with these provisions, Thomas's aunt and uncle, as persons "standing in loco parentis," were served with notice of the transfer hearing.  This service of process, along with the notice that was provided to Thomas, fully complied with the requirements of former Code § 16.1-263 because, at that time, Thomas had no parents, guardian, or legal custodian.  Under Code § 63.1-233, the final adoption order entered in 1982 divested Thomas's biological parents of all legal rights and obligations with respect to him.  That order, in conformance with the provisions of the statute, stated that Thomas was "to all intents and purposes . . . the child of said petitioners, Herbert B. Marshall and Virginia Marshall, husband and wife."  See Code § 63.1-233.

6

We find no merit in Thomas's contention that the consent forms executed by his biological parents imposed limiting conditions on the adoption, which resulted in their resuming the status of "parents," for purposes of former Code § 16.1-263, when the adoptive parents died.  The final adoption order unconditionally divested the biological parents of all legal rights with respect to Thomas.  See Code § 63.1-233; Doe v. Doe, 222 Va. 736, 746, 284 S.E.2d 799, 805 (1981); Sozio v. Thorpe, 22 Va. App. 271, 275, 469 S.E.2d 68, 70 (1996); Cage v. Harrisonburg Dept. of Social Services, 13 Va. App. 246, 249-50, 410 S.E.2d 405, 406-07 (1991).  Since the adoption order was not appealed within six months after it was entered, its validity is "not subject to attack in any proceedings, collateral or direct."  Code § 63.1-237.  Thus, Thomas's biological father was not his "parent" within the meaning of former Code § 16.1-263 at the time of the transfer proceedings and was not entitled to notice under that statute.

Thomas next asserts an alternative argument that, if he had no parents at the time of the juvenile court proceedings, "there was a jurisdictional defect in the transfer proceedings because a person required to be summonsed, i.e., the legal guardian or guardian ad litem, was not notified."  We disagree with this argument.

7

First, Thomas had no legal guardian.  Second, there is no requirement that a guardian <u>ad</u> <u>litem</u> be appointed to represent a juvenile defendant in a transfer proceeding.  We resolved this issue in <u>Wright v. Commonwealth</u>, 245 Va. 177, 184, 427 S.E.2d 379, 384 (1993), <u>vacated on other grounds</u>, 512 U.S. 1217 (1994), stating that "[a] defendant under a disability who is represented by counsel need not have appointed to him a guardian <u>ad</u> <u>litem</u> unless a statute applicable to a particular case expressly requires such an appointment."  <u>Id.</u> at 183, 427 Va. at 384.  We held that because the juvenile transfer statutes (former Code §§ 16.1-269 to -272) did not expressly require the appointment of a guardian <u>ad</u> <u>litem</u> for a juvenile defendant at a transfer hearing, the juvenile defendant had no such right.  <u>Id.</u> Thus, in the present case, we conclude that the statutory notice requirements for a transfer hearing, recognized by this Court in <u>Baker</u>, were fully satisfied.[2]

For these reasons, we will deny Thomas's petition for a writ of habeas corpus.

<u>Writ denied</u>.

---

[2]We reject Thomas's additional argument that because the transfer petitions listed Robert Thomas as the defendant's father, the Commonwealth should be barred from asserting that Robert Thomas was not the defendant's "parent" at the time of the transfer proceedings.  The terms "father" and "parent" are not synonymous under the facts of this case.