# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Dameon Carter

December 12, 2000

Case No. CR95B01173-00

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant's Motion to Vacate his Judgment. The facts are as follows. On February 22, 1996, the defendant, Dameon Carter, pleaded not guilty to indictments dated July 5, 1995. The defendant was charged with first degree murder in violation of Virginia Code § 18.2-32, three counts of robbery in violation of § 18.2-58, three counts of attempted robbery in violation of § 18.2-26, conspiracy to commit robbery in violation of § 18.2-22, armed burglary in violation of § 18.2-90, and seven counts of use of a firearm in the commission of a felony in violation of § 18.2-53.1. A jury convicted defendant of all charges. The defendant was sentenced to a total of 153 years suspending 65 years of the sentence for 65 years of unsupervised probation. The Court of Appeals denied the defendant's petition for appeal on December 2, 1996.

The defendant was born to his mother, Evelyn Carter, and his biological father, Raymond Wilson. In the pre-sentence report, it states that Raymond Wilson's last known residence was Bronx, New York. It also states that Wilson and defendant's mother never married and that defendant has had no contact with his natural father. The defendant's mother had custody of defendant until April 28, 1988, when one Marion Britt was given temporary custody with reasonable visitation to the mother. On September 26, 1990, defendant's mother, Evelyn Carter, was again given full custody of her son. The defendant has had thirteen charges in his juvenile history subsequent to the mother regaining custody and prior to the charges involved in the case at

bar. Defendant's mother was present at the proceedings against him in this case.

Defendant has now brought a motion to set aside his conviction based on the legal argument that this Court did not have the requisite subject matter jurisdiction. Defendant bases the motion on *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), aff'd, *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999). Defendant asserts that upon his transfer to Circuit Court, his mother received notice of the initiation of the juvenile proceedings but his biological father did not, nor was there any certification on the record that the biological father was not reasonably ascertainable. On each petition in this case, defendant's biological father's name appears but there is no address, only the notation "whereabouts unknown." The father was not voluntarily present at any of the proceedings. The Commonwealth opposes this motion.

As a preliminary matter, a motion challenging a conviction as void may be raised in any court at any time. *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). This Court may properly hear this case. Prior to the July 1, 1999, amendment to § 16.1-263, now requiring notification of the initiation of juvenile proceedings to only one parent, the statute required notice to *both* parents as interpreted by the case of *Baker v. Commonwealth*, 504 S.E.2d 394, 28 Va. App. 306 (1998), *aff'd per curiam*, 258 Va. 1, 516 S.E.2d 219 (1999). The language of Virginia Code § 16.1-263 at the relevant time read as follows:

> After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and other such persons as appear to the court to be proper.

"No such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. An affidavit of the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence. . . ." Va. Code § 16.1-263(E).

This Court has previously held that such notice requirements have been determined to be jurisdictional rather than procedural and, more specifically, bears directly on whether a court has "subject matter" jurisdiction to hear a particular case. *Commonwealth v. Darrell Jones*, Record No. CR1602-00 (Norfolk Circuit Court, 2000); *Karim v. Commonwealth*, 22 Va. App. 767, 473 S.E.2d 103 (1996); *Baker, supra*; *Williams v. Commonwealth*, 497 S.E.2d

156, 26 Va. App. 776 (1998). In *Karim*, the court stated that the notice provisions to a juvenile and its parents are mandatory and jurisdictional. 22 Va. App. at 779, 473 S.E.2d at 108-09. Failure to strictly adhere to the notice procedures results in the denial of a juvenile defendant's substantial right and constitutional guarantee of due process. *Id*. The failure of a juvenile court to comply with statutory requirements of procedure renders the certification to another court void. Therefore any subsequent conviction in that court is also void. *Karim*; *Williams*, 26 Va. App. at 781, 497 S.E.2d at 159. Since the notice requirement is considered to be jurisdictional, and particularly subject matter jurisdiction, it is not waivable despite the existence of waiver provisions in the Code. In *Darrell Jones*, this Court overturned the defendant's conviction based on the facts of that case and legal precedent. The Court addressed and overruled the Commonwealth's arguments finding that the law instead mandated overturning the conviction. However the court in *Commonwealth v. Royale Stewart*, sustained the conviction of defendant Stewart. 53 Va. Cir. 372 (Norfolk 2000). One of the determining factors in *Stewart* was that the mother was granted sole custody of the defendant years before the current proceedings were initiated against the defendant. This Court found that under the circumstances of that case, *Baker* did not apply.

In the case at bar, the Commonwealth argues that since the mother was granted sole legal custody of the defendant in 1990, she was the only person who was a "parent" or other "person standing in loco parentis" within the meaning of the statute. Virginia Code § 16.1-263. The Commonwealth relies on *Thomas v. Garraghty*, where the Virginia Supreme Court denied the defendant Thomas's motion to set aside his conviction. 258 Va. 530, 522 S.E.2d 865 (1999). The grandparents in *Thomas* had previously adopted the defendant. The grandparents died, and the defendant began living with his aunt and uncle. The defendant tried to argue that since his adoptive parents died, then the mother and father regained parental status and since the biological father did not receive notice, his conviction was void under *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), *aff'd per curiam*, 258 Va. 1, 516 S.E.2d 219 (1999). The Virginia Supreme Court in *Thomas* held that the adoption divested the biological parents of all rights concerning the child. *Id*. at 535. The Court further stated that since the defendant was living with his aunt and uncle at the time of the proceedings and since they, the defendant, and the biological mother received notice, the notice requirement was satisfied. *Id*. It is important to note that in *Thomas*, the Court stated that the aunt and uncle were the only ones "standing in loco parentis" and notice to them alone was sufficient to satisfy the statute. *Id*.

The Commonwealth argues that this case is analogous to *Thomas*. Although adoption is not at issue in the present case, there has been significant legal action taken, namely granting sole custody to the mother. The absence of the father in addition to sole custody being awarded to the defendant's mother is sufficient to sustain the conviction.

Custody is broadly defined as "the care, control, and maintenance of a child." *In re O'Neil*, 18 Va. App. 674, 446 S.E.2d 475, 478 (1994), citing *Black's Law Dictionary*, 347 (5th ed. 1979). "Legal custody" is defined in Virginia as the "right to have physical charge of the child, to determine and re-determine where and with whom the child shall live, the right and duty to protect, train and discipline, and to provide with food, shelter, education . . . all subject to any residual parental rights and responsibilities." *Id.* "Physical custody" means the actual possession of a child. Virginia Code § 20-125. The word "parent" comprehends more than the one who was responsible for the child's conception and birth. *Black's Law Dictionary*, 1114 (6th ed. 1990).

Generally both the biological father and mother of a minor child, if living together, are the joint natural guardians with equal powers and rights. *See* Virginia Code § 31-1. If either parent has abandoned his or her family, the other shall be the natural guardian. *Id.* Abandonment without justification establishes "parental" unfitness. *Patrick v. Byerley*, 28 Va. 691, 325 S.E.2d 99 (1985) (holding that the mother's actions made her a complete stranger to her son and constituted abandonment and therefore the mother was not entitled to an award of custody). With regard to custody, the court may revise and alter any prior decrees concerning the custody and care of a child and may, even upon its own motion, make a new decree. Virginia Code § 20-108. When ordering a change of custody, the best interests of the child control the issue. *Id.*; *Simmons v. Simmons*, 1 Va. App. 358, 339 S.E.2d 198 (1986); *see also Brown v. Brown*, 30 Va. App. 532, 518 S.E.2d 336 (1999). The court may award joint custody or sole custody in keeping with the child's best interests. Virginia Code § 20-124.2(A), (B). "Sole custody" is defined as that one person who retains responsibility for the care and control of the child and has *primary* authority to make decisions concerning the child. Virginia Code § 20-124.1. As stated above, the transfer report in this case states that the mother was awarded sole custody in September of 1990. The Court assumes that the father was notified in accordance with the statute and did not appear to contest the matter.

Based upon the preceding authority and the facts of this case, the Court holds that defendant's Motion to Vacate his Conviction is overruled. The facts demonstrate a complete absence by the biological father since the defendant's birth. The mother was awarded full custody in 1990 and has since been the

defendant's sole provider and caretaker. She had both physical and legal custody of the defendant at the time of the charges. This case is analogous to *Thomas* in that significant legal action regarding parental rights and duties was taken by the juvenile court years before the criminal charges were filed in the instant case. The biological mother is the only one who can be termed a "parent" or person standing "in loco parentis" within the meaning of the notice statute. § 16.1-263; *Thomas, supra.* The then language of the notice statute contemplates the result which this Court finds. § 16.1-263. It uses the words "parents," "legal custodian," "guardian," or "other person standing in loco parentis." *Id.* This is not a case where there is an interested but absent father. The biological father had no custodial or visitation rights with his son and the record is silent as to any financial obligations with respect to his son. He is not a "parent" within the meaning of the statute. *See Thomas,* 258 Va. at 536 (stating in a footnote that "we reject Thomas's additional argument that because the transfer petitions listed Robert Thomas as the defendant's father, the Commonwealth should be barred from asserting that [he] was not the defendant's parent at the time of the transfer proceedings. The terms 'father' and 'parent' are not synonymous under the facts of this case").

The facts in this case do not mandate the same result as in *Baker*. In *Baker*, there was a substance abuse evaluation describing the relationship between the defendant and his biological father as non-existent but contrary evidence existed in a different evaluation where it was noted that Baker had had recent contact with his biological father. *See Baker, supra* at 395-96. The primary purpose behind the notice requirements in the initiation of proceedings involving a juvenile is to protect the juvenile from the critically important decision of trying the juvenile as an adult. *Kent v. United States,* 383 U.S. 541 (1966). That purpose was served in this case since the mother was notified and present at the proceedings regarding her son. The mother was the only person at that time standing "in loco parentis." *Thomas, supra.* Therefore the Court sustains Defendant's conviction.

For the reasons stated herein, defendant's Motion to Set Aside his Conviction is overruled.