Tuesday          9th

April, 2002.

Carlos Demetrius Minor, s/k/a
 Carlus Demetrius Minor,                                    Appellant,

  against        Record No. 1996-00-2
                 Circuit Court No. 96-606F

Commonwealth of Virginia,                                   Appellee.


        Upon Remand from the Supreme Court of Virginia


        In accordance with the order of the Supreme Court of

Virginia entered on October 23, 2001, the opinion previously rendered

by this Court on July 3, 2001 is withdrawn and the mandate entered on

that date is vacated.

        As further directed by the order of the Supreme Court, and

in accordance with the decision of that Court in Commonwealth v.

Southerly, 262 Va. 294, 551 S.E.2d 650 (2001), the case is hereby

transferred to the Supreme Court of Virginia pursuant to Code

§ 8.01-677.1.

        This order shall be published.

                        A Copy,

                                Teste:

                                        Cynthia L. McCoy, Clerk

                        By:

                        Deputy Clerk

Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


CARLOS DEMETRIUS MINOR, S/K/A
 CARLUS DEMETRIUS MINOR
                                        OPINION BY
v.   Record No. 1996-00-2              JUDGE ROBERT P. FRANK
                                        JULY 3, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   James B. Wilkinson, Judge

        Craig W. Sampson for appellant.

        Michael T. Judge, Assistant Attorney General (Mark
        L. Earley, Attorney General, on brief), for
        appellee.


     Carlos Demetrius Minor (appellant) was convicted, in a bench

trial, of possession of cocaine with the intent to distribute, in

violation of Code § 18.2-248.  On appeal, he contends his conviction

is void under Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394

(1998), aff'd, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), because

the juvenile and domestic relations district court failed to give his

mother and father proper notice of the juvenile court proceedings.

We agree and reverse the conviction.

                        I.  BACKGROUND

     On April 3, 1996, the Richmond Juvenile and Domestic Relations

District Court issued a petition charging appellant with possession

of cocaine with intent to distribute.  Appellant, who was born on

March 21, 1979, was seventeen years old at the time of the offense.

-2-

The petition listed appellant's father's address as "North Carolina" and indicated that appellant's mother was incarcerated in the Virginia Department of Corrections. The petition also listed appellant's grandmother, Barbara Alston, as his legal guardian.

On May 9, 1996, appellant, his attorney and his grandmother were present for the transfer hearing.[1] The transfer order indicated that neither parent was present, and there was no documentation that either parent's location was unascertainable.[2] However, the order noted that appellant's grandmother was present for the transfer hearing.

On June 26, 1996, appellant, his attorney, his grandmother, and the prosecutor appeared in the circuit court, and appellant entered a plea of guilty. The court accepted the plea and, in accordance with the plea agreement, directed that appellant be evaluated for the Shock Incarceration Program.

On August 9, 1996, the trial court suspended imposition of sentence against appellant on the condition that he enter and successfully complete the Shock Incarceration Program. Later, appellant violated the terms of the suspended sentence and, ultimately, the entire suspended sentence was revoked.

On April 26, 2000, appellant, by counsel, filed a motion to vacate his conviction. The motion asserted that his August 9, 1996

---

[1] The record does not disclose if appellant's grandmother received a summons as required by Code § 16.1-263.

[2] Neither parent was notified under Code § 16.1-263(A).

-3-

conviction was void because his mother and father were not given notice of the transfer hearing and there was no indication in the record that the location or identity of his mother or father was not reasonably ascertainable.

The trial court heard the motion to vacate on June 5, 2000. Appellant testified that he was seventeen years old at the time of the offense and that to his knowledge, his mother and his father were not notified of or present at the juvenile proceeding or the transfer hearing. Appellant testified he had not seen his mother or father in the past four years but he talked by telephone to his mother, who was in the Goochland Penitentiary. Appellant admitted that his grandmother was his legal guardian at the time of the juvenile proceedings.

Appellant's mother, Monica Bryant, testified that she did not have notice of the original proceedings and she was not present at any of the hearings. She testified that she was in the Goochland Penitentiary at the time of the juvenile proceedings. She further testified that appellant's grandmother was his legal guardian at the time of the juvenile proceedings.

On July 24, 2000, the trial court issued an opinion denying appellant's motion to vacate. The court found appellant's grandmother had legal custody at the time of the offense and, although his grandmother had not been given written notice of the transfer hearing, she was present at the transfer hearing and the subsequent trial. The court concluded that because appellant's

grandmother was his legal guardian at the time of the offense and she was present at the transfer hearing on May 9, 1996, the requirements of Code § 16.1-263 were satisfied.

## II.   ANALYSIS

Appellant, relying on Baker, 28 Va. App. 306, 504 S.E.2d 394, contends the trial court lacked jurisdiction to convict him because he was a juvenile at the time of the offense and the record failed to establish that his biological parents were served with summonses as required by Code § 16.1-263.

Former Code § 16.1-263(A) required that, "after a petition has been filed," the juvenile court "shall direct the issuance of summonses, one directed to the juvenile . . . and another to the parents, guardian, legal custodian or other person standing in loco parentis . . . .   Where the custodian is summoned and such person is not the parent of the juvenile in question, the parent shall also be served with a summons.   The court may direct that other proper or necessary parties to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing."

We have previously held "the provisions of Code §§ 16.1-263 and 16.1-264, 'relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional,' and the failure to 'strictly follow' these notice procedures denies a juvenile defendant 'a substantive right and the constitutional guarantee of due process.'"   Baker, 28 Va. App. at 310, 504 S.E.2d at 396 (quoting

-5-

Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc)). Thus, a default in the requisite "notice of the initiation of juvenile proceedings" renders "the transfer of jurisdiction" "ineffectual and the subsequent convictions . . . void." Id. at 315, 504 S.E.2d at 399.

The Commonwealth concedes that neither parent was notified of the original juvenile proceedings or appeared at any stage of that proceeding. However, the Commonwealth contends that the presence of the grandmother as appellant's "legal guardian" satisfied the notice requirements of Code § 16.1-263.

The Commonwealth maintains that the grandmother, not the parents, was the only person with any custody interest in appellant, citing Thomas v. Garraghty, 258 Va. 530, 522 S.E.2d 865 (1999), cert. denied, 528 U.S. 1106 (2000). However, this reference ignores the substantial difference between custody and adoption.

In Thomas, Thomas was adopted by his maternal grandparents with the consent of both natural parents. Id. at 533, 522 S.E.2d at 867. Prior to his commission of the offenses, Thomas' adoptive parents died. Id. at 534, 522 S.E.2d at 867. He lived with his aunt and uncle at the time of the offenses. Id. At the time of the offenses, no legal guardian or custodian had been appointed by a court. Id. The uncle and aunt, persons standing "'in loco parentis,'" were notified of the juvenile proceedings under Code § 16.1-263(A). Id. at 535, 522 S.E.2d at 868. Thomas contended his natural father should have been given notice and the failure to do so rendered his

-6-

capital murder conviction void under Baker. Id. at 532, 522 S.E.2d at 866. The Supreme Court of Virginia held that the natural father, after the entry of the final order of adoption, was divested of all legal parental rights. Id. at 535, 522 S.E.2d at 867. The Supreme Court wrote, "Thus, Thomas's biological father was not his 'parent' within the meaning of former Code § 16.1-263 at the time of the transfer proceedings and was not entitled to notice under that statute." Id.

In this case, appellant's parents were not "divested" of their parental rights. While appellant's grandmother had legal custody, an award of custody does not divest non-custodial parents of all rights concerning their child. The legislature recognized that non-custodial parents retain certain rights when their minor child is arrested. Code § 16.1-263 requires that notice be given to non-custodial parents, in addition to the child's custodian. The statute does not apply a different standard for notification of a non-custodial parent than for notification of a custodial parent. Indeed, Baker involved a non-custodial father who had no involvement with Baker. In Karim, 22 Va. App. 767, 473 S.E.2d 103, the father also was a non-custodial parent. We, therefore, hold that Code § 16.1-263(A) requires notice to both the custodian and parents, even if the minor was not in the custody of one or both parents, unless parental rights have been terminated.

The Commonwealth further contends appellant's guilty plea waived the notice defect. A guilty plea "is a waiver of all defenses other

than those jurisdictional . . . ." Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969).  The Commonwealth claims that neither Baker nor Dennis Moore v. Commonwealth, 259 Va. 405, 527 S.E.2d 415 (2000), holds that a Baker claim is a jurisdictional defect.  The Commonwealth concludes that because a Baker notice defect is not jurisdictional, it is waived by a guilty plea.

The Commonwealth misreads the entire line of Baker jurisprudence.  In Karim, we held that the provisions of Code §§ 16.1-263 and 16.1-264, "relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional," and the failure to "strictly follow" these notice procedures denies a juvenile defendant "a substantive right and the constitutional guarantee of due process."  Karim, 22 Va. App. at 779, 473 S.E.2d at 108-09.

In Dennis Moore, the Supreme Court of Virginia distinguished subject matter jurisdiction from a court's authority to exercise that jurisdiction by stating:

> A court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction. See, e.g., Jones v. Commonwealth, 213 Va. 425, 428, 192 S.E.2d 775, 777 (1972); Gregory v. Peyton, 208 Va. 157, 159-60, 156 S.E.2d 624, 626 (1967); Peyton v. French, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966) . . . .

> The trial court's judgment in Baker was void because the notice of initiation of juvenile proceedings was not served on a required party, the juvenile's biological father. Id.  Thus,

-8-

> although the trial court had subject matter
> jurisdiction over the felony indictments before
> it, the court lacked authority to exercise its
> subject matter jurisdiction over those offenses
> because the Commonwealth failed to comply with
> the mandatory notice requirements of former Code
> §§ 16.1-263 and -264.

Dennis Moore, 259 Va. at 409-10, 527 S.E.2d at 417-18.

In each of the Baker claim cases, the circuit court and juvenile and domestic relations district court had subject matter jurisdiction to hear a criminal case. Code §§ 19.2-239 and 16.1-241. However, due to the lack of notice in each case, the court lacked authority to exercise that jurisdiction.

"The failure of the juvenile and domestic relations district court to summon both of Southerly's parents, as then required by Code § 16.1-263, rendered the hearing in that court ineffective to transfer jurisdiction to the trial court. As a consequence, all subsequent proceedings in the trial court were void." Southerly v. Commonwealth, 33 Va. App. 650, 655, 536 S.E.2d 452, 454 (2000).

Our recent decision in Langhorne v. Commonwealth, 35 Va. App. 19, 542 S.E.2d 780 (2001), resolved the very issue raised by the Commonwealth. As in the present case, Langhorne's father was not notified of the juvenile court proceedings under Code § 16.1-263. Id. at 21, 542 S.E.2d at 781. Langhorne pled guilty in circuit court and later challenged the validity of his conviction. Id. at 22, 542 S.E.2d at 781. We held:

> [D]espite Langhorne's guilty plea, the
> absence of notice to his father, under these
> facts, rendered the juvenile court powerless to
> exercise jurisdiction in order to conduct the

transfer hearing.  Thus, the circuit court's
judgment, and later revocation of probation, was
void because it lacked authority to exercise
subject matter jurisdiction.

Id. at 25, 542 S.E.2d at 782-83.  We, therefore, hold that

appellant's guilty plea did not waive the defect of non-notification

of a parent.

Lastly, the Commonwealth contends that because a motion to

vacate is civil in nature, the Supreme Court of Virginia, not this

Court, has jurisdiction to hear this appeal.  We have held that

"although a motion to vacate or set aside a conviction may be civil

in nature, the underlying charges [] were criminal," thus, giving us

jurisdiction to hear the appeal.  Asby v. Commonwealth, 34 Va. App.

217, 221, 539 S.E.2d 742, 744 (2001), aff'd, ___ Va. App. ___,

___S.E.2d ___ (2001) (en banc).

Finding that appellant's conviction is void, we reverse the

judgment of the trial court and order appellant's conviction vacated.

We remand the case to the trial court for further proceedings, if the

Commonwealth be so advised.

Reversed and remanded.